John R. Hanson, Esq.
Nevada State Bar No. 13141
**WORTHE HANSON & WORTHE**
A Law Corporation
1851 E First Street, Suite 860
Santa Ana, CA 92705
Telephone (714) 285-9600
Facsimile (714)285-9700
E-Mail: jhanson@whwlawcorp.com
Attorneys for Defendant, THE STANDARD FIRE INSURANCE COMPANY

## UNITED STATE DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALISON MULLANEY, an Individual.<br><br>                              Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY, a foreign Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive.<br><br>                              Defendants. | CASE NO.: 2:23-cv-01530-JAD-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DEFENDANT'S CLAIMS EXPERT REPORT SUBMISSION BY 14 DAYS.**<br><br>**3RD REQUEST** |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Alison Mullaney ("Plaintiff"), and Defendant The Travelers Indemnity Company ("Defendant") by and through their undersigned counsel of record, stipulate to extend the un-expired expert disclosure date by 14 days as to defendant's claims expert James Schratz. This stipulation is made in good faith and not for purposes of delay.

**I.     DISCOVERY COMPLETED**

    1. On October 16, 2023, the parties participated in a Rule 26(f) conference.

2. On November 17, 2023, Plaintiff served her first set of requests for admission, requests for production of documents, and interrogatories to Defendant, and Defendant served its responses to each on January 2, 2023.

3. On December 26, 2023, Plaintiff served her initial disclosures.

4. On January 10, 2024, Defendant served its initial disclosures.

5. On February 13, 2024, Plaintiff conducted the deposition of Valerie Vo, who was designated as the FRCP 30(b)(6) representative for certain topics of Defendant. The parties agreed that Defendant would produce Mary C. Liparulo, RN, as a witness to address the additional topics contained within the FRCP 30(b)(6) deposition notice at a later date.

6. On March 7, 2024, Defendant served their first set of requests for requests for production of documents, and interrogatories to Plaintiff, and Plaintiff's responses are due on April 8, 2024.

7. On March 7, 2024, Defendant served their Notice Of Taking Remote Deposition Of Plaintiff, Alison Mullaney.

8. On March 7, 2024, Defendant served their Notice Of Taking Remote Deposition Of Plaintiff's Retained Expert Of Dr. Raimundo Leon Pursuant To Deposition Subpoena And Request For Production Of Documents At Time Of Deposition. Dr. Leon's deposition was completed on April 1, 2024.

9. On March 5, 2024, Plaintiff's served her first supplement to initial disclosures.

## II. DISCOVERY THAT REMAINS TO BE COMPLETED AND REASONS SUPPORTING THE REQUESTED EXTENSION

1. Deposition of Plaintiff;

2. Deposition of Mary C. Liparulo, RN;

3. Deposition of Plaintiff's medical providers;

4. The parties will take the depositions of any and all other necessary witnesses as determined through discovery. The parties are coordinating on

scheduling those depositions, along with any others;

5. The parties will issue and respond to any necessary additional written discovery; and

6. Any additional discovery as needed.

The reason for the requested extension arises from the inadvertent mis-calendaring of the disclosure date by the defense claims expert.

On April 30, 2024, defense counsel wrote to Schratz reminding him disclosures were due on May 1, 2024. (Accompanying declaration of John R. Hanson.) Mr. Schratz responded that his office didn't have the date calendared and he was on his way to testify at a trial in Seattle. He advised that if defendant could secure a two seek extension, he could get the report complete.

Schratz was retained on January 10, 2024 and the file documents, claims notes and policy were forwarded to him then on that date. (Accompanying declaration of John R. Hanson.)

On April 30, 2024, defense counsel left a phone message advising plaintiff's counsel that the above had occurred. Defense counsel also sent an email to that effect. On May 1, 2024, the date set by the Court for Rule 26 expert disclosures, defense counsel received an email from Mr. Gutierrez, counsel for plaintiff. Counsel stated, "[w]e are planning on getting our expert disclosures filed today. We are fine if you need two weeks to get your expert report submitted but we want to ensure that your expert does not review our expert report beforehand." (Accompanying declaration of John R. Hanson.) As part of this stipulation, defendant and defense counsel agree that no person associated with the defense of this action will review plaintiff's claims expert's Rule 26 report unless and until the defense has timely disclosed Mr. Schratz's report to plaintiffs. Defense counsel will ask his assistant to segregate the expert report from the balance of any Rule 26 expert disclosures and to keep it filed separately until Schratz has submitted his report.

///

STIPULATION AND ORDER TO EXTEND DEFENDANT'S CLAIMS EXPERT REPORT SUBMISSION BY 14 DAYS

## III. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

| | | Current Discovery Deadlines: | Proposed Discovery Deadlines: |
|---|---|---|---|
| 1. | Discovery cut-off: | June 28, 2024 | No change |
| 2. | Amend /add parties: | No change. | No change. |
| 3. | Initial experts: | May 1, 2024 | No change - with the sole exception of the report of James Schratz to be submitted on May 15, 2024 and subject to the agreement of defense not to review plaintiff's claims expert report prior to the service of Mr. Schratz's report. |
| 4. | Rebuttal experts: | May 29, 2024 | No Change |
| 5. | Dispositive motions: | June 29, 2024 | No Change |
| 6. | Pretrial order: | July 31, 2024 | No Change |

This is the parties' third stipulated request for extension of discovery deadlines. This request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the

///
///
///
///
///
///
///

4

STIPULATION AND ORDER TO EXTEND DEFENDANT'S CLAIMS EXPERT REPORT SUBMISSION BY 14 DAYS

purpose of addressing the unforeseen calendar error to which Mr. Schratz refers. The parties respectfully and mutually submit that the reasons set forth above constitute compelling reasons for their requested extension.

DATED this __ day of May, 2024.

**MAIER GUTIERREZ & ASSOCIATES**

*/s/ Joseph A. Gutierrez, Esq.*
_____
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEPHEN G. CLOUGH, ESQ.
Nevada Bar No. 10549
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Alison Mullaney*

DATED this __ day of May, 2024.

**WORTHE HANSON & WORTHE**

*/s/ John R. Hanson, Esq*
_____
JOHN R. HANSON, ESQ.
Nevada Bar No. 13141
1851 East First Street, Suite 860
Santa Ana, California 92705
*Attorneys for Defendant*

## **ORDER**

**IT IS SO ORDERED**.

DATED: May 2, 2024

_____
UNITED STATES MAGISTRATE JUDGE

5

STIPULATION AND ORDER TO EXTEND DEFENDANT'S CLAIMS EXPERT REPORT SUBMISSION BY 14 DAYS

**PROOF OF SERVICE**

STATE OF CALIFORNIA)
                    )ss
COUNTY OF ORANGE   )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Suite 860, Santa Ana, California 92705.

On May 1, 2024, I served the foregoing document described as: **STIPULATION AND ORDER TO EXTEND DEFENDANT'S CLAIMS EXPERT REPORT SUBMISSION BY 14 DAYS** to all interested parties in said action by:

☐  BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine.    Fax Number(s):

☐  BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☒  BY THE E.C.F. SYSTEM as follows:

☐  BY ELECTRONIC SERVICE to the e-mail addresses stated on the attached Service List and

☐  BY MAIL as follows:
  ☐  placing ☐ the original ☐ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
  ☐  I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
  ☐  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐  BY PRIORITY OVERNIGHT DELIVERY (**VIA FEDERAL EXPRESS**): I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☒____STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐  FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 1, 2024, at Santa Ana, California.

_____
LACY ROBERTS

**PROOF OF SERVICE**

**SERVICE LIST**
*Mullaney v. The Travelers Indemnity Company, et al.*
USDC Case No. 2:23-cv-01530-JAD-BNW

Joseph A. Gutierrez, Esq.
Stephen G. Clough, Esq.
Maier Gutierrez & Associates
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
Office: (702) 629-7900
Fax: (702) 629-7925
E-Mail: jag@mgalaw.com; sgc@mgalaw.com
**ATTORNEYS FOR PLAINTIFF, ALISON MULLANEY**

John R. Hanson, Esq.
Nevada State Bar No. 13141
**WORTHE HANSON & WORTHE**
A Law Corporation
1851 E First Street, Suite 860
Santa Ana, CA 92705
Telephone (714) 285-9600
Facsimile (714)285-9700
E-Mail: jhanson@whwlawcorp.com
Attorneys for Defendant, THE STANDARD FIRE INSURANCE COMPANY

## UNITED STATE DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALISON MULLANEY, an Individual. | CASE NO.: 2:23-cv-01530-JAD-BNW |
| Plaintiff, | |
| v. | |
| THE TRAVELERS INDEMNITY COMPANY, a foreign Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive. | **DECLARATION OF JOHN R. HANSON IN SUPPORT OF THE STIPULATION AND ORDER TO EXTEND DEFENDANT'S CLAIMS EXPERT DISCLOSURE BY 14 DAYS** |
| Defendants. | **THIRD REQUEST** |

I, JOHN R. HANSON DECLARE AS FOLLOWS:

1. I am an attorney at law duly licensed to practice before all the Courts in the State of Nevada, and a partner in the law firm of Worthe Hanson & Worthe, a Law Corporation, attorneys of record for Defendant, THE STANDARD FIRE INSURANCE COMPANY. As such, I have personal knowledge of the file, pleadings and facts stated herein. If called upon as a witness, I could and would competently testify to the following:

2. On April 30, 2024, I wrote to defense expert James Schratz, reminding him Rule 26 reports were due on May 1, 2024.

3. On April 30, 2024, Mr. Schratz advised that his office did not have the date on calendar. He stated he was on his way to Seattle for trial. He asked if I could obtain a two week extension for submission of his report.

4. I retained Mr. Schratz on January 10, 2024 and provided the policy at issue, the claim file and notes to him. On January 30, I provided the complaint to Mr. Schratz.

5. Plaintiff's counsel stated in email, "[w]e are planning on getting our expert disclosures filed today. We are fine if you need two weeks to get your expert report submitted but we want to ensure that your expert does not review our expert report beforehand." (Accompanying declaration of John R. Hanson.) This office will segregate plaintiff's claims expert's report as described in the stipulation and it will not be reviewed by defense counsel or Schratz unless and until Schratz has timely submitted his report.

6. Defendant will file the balance of its disclosures today.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed this 1st day of May, 2024, at Santa Ana, California.

                           __/s/ John R. Hanson_____.
                           JOHN R. HANSON, DECLARANT

**PROOF OF SERVICE**

STATE OF CALIFORNIA)
                   )ss
COUNTY OF ORANGE   )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Suite 860, Santa Ana, California 92705.

On May 1, 2024, I served the foregoing document described as: **DECLARATION OF JOHN R. HANSON IN SUPPORT OF THE STIPULATION AND ORDER TO EXTEND DEFENDANT'S CLAIMS EXPERT DISCLOSURE BY 14 DAYS** to all interested parties in said action by:

☐   BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine.   Fax Number(s):

☐   BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☒   BY THE E.C.F. SYSTEM as follows:

☐   BY ELECTRONIC SERVICE to the e-mail addresses stated on the attached Service List and

☐   BY MAIL as follows:
  ☐   placing ☐ the original ☐ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
  ☐   I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
  ☐   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐   BY PRIORITY OVERNIGHT DELIVERY (**VIA FEDERAL EXPRESS**): I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☒   STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 1, 2024, at Santa Ana, California.

_____
LACY ROBERTS

PROOF OF SERVICE

**SERVICE LIST**
*Mullaney v. The Travelers Indemnity Company, et al.*
USDC Case No. 2:23-cv-01530-JAD-BNW

Joseph A. Gutierrez, Esq.
Stephen G. Clough, Esq.
Maier Gutierrez & Associates
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
Office: (702) 629-7900
Fax: (702) 629-7925
E-Mail: jag@mgalaw.com; sgc@mgalaw.com
**ATTORNEYS FOR PLAINTIFF, ALISON MULLANEY**